**5**
GREGORY S. POWELL, State Bar No. 182199
Assistant United States Trustee
JASON BLUMBERG, State Bar No. 330150
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Facsimile: (559) 487-5030
E-mail: jason.blumberg@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In Re: | Case No. 21-12598-B-7 |
| | Chapter 7 |
| YINGCHUN LOU, | DCN: UST-2 |
| | |
| | Date: June 2, 2022 |
| | Time: 1:30 p.m. |
| | Place: United States Courthouse |
| | Courtroom 13, Fifth Floor |
| | 2500 Tulare Street |
| Debtor(s). | Fresno, CA |
| | Judge: René Lastreto II |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE
WITH 2-YEAR BAR TO REFILING PURSUANT TO STIPULATION**

Tracy Hope Davis, the United States Trustee for Region 17 (the "UST"), by and through her undersigned counsel, hereby moves (the "Motion") for an order dismissing this case with a 2-year bar to refiling, pursuant to 11 U.S.C. §§ 105(a), 349(a), 707(a) and a stipulation with the Debtor.

**I. PRELIMINARY STATEMENT**

1. The UST and the Debtor are parties to Adversary Proceeding No. 22-01008-B, in which the UST is seeking denial of the Debtor's discharge.

1

2. In order to resolve the Adversary Proceeding, the Debtor has stipulated to (i) the dismissal of this bankruptcy case, and (ii) the imposition of a two-year bar against the Debtor's filing of a new bankruptcy case.

3. As the Chapter 7 Trustee filed a report of no distribution on January 18, 2022, the requested dismissal would <u>not</u> prejudice creditors.

4. Thus, in light of the Debtor's consent and the lack of prejudice to creditors, dismissal with a two-year filing bar is appropriate.

## II. STATEMENT OF FACTS

5. This case was commenced by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 9, 2021 (the "<u>Petition Date</u>").

6. On January 18, 2022, the Chapter 7 Trustee filed a report of no distribution in this case. <u>See</u> docket no. 47. There have been no objections to the report. <u>See</u> docket generally.[1]

7. On March 30, 2022, the UST commenced Adversary Proceeding No. 22-01008-B against the Debtor (the "<u>Adversary Proceeding</u>"), seeking a judgment denying the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A) and 727(a)(5).

8. In the Adversary Proceeding, the UST has alleged, <u>inter alia</u>, that the Debtor made false oaths by not disclosing business income and business connections on her Statement of Financial Affairs. The UST has also alleged that the Debtor has not provided a satisfactory explanation for the disposition of income and sale proceeds received within one-year before the Petition Date. <u>See</u> ECF No. 1 in the Adversary Proceeding (Complaint), at ¶¶ 79-88.

9. The UST and the Debtor have entered into a stipulation (filed herewith) (the "<u>Stipulation</u>") that would resolve the Adversary Proceeding. Pursuant to the Stipulation:

---

[1] Objections were due by February 18, 2022. <u>See</u> ECF No. 47.

2

- The Debtor has consented to dismissal of this bankruptcy case. The Debtor has further agreed that the order dismissing this case (the "Order") would prohibit the Debtor from filing, or from causing to be filed, any subsequent petition for relief under the Bankruptcy Code for a period of **two years** from the date of entry of the Order.

- Upon the dismissal of this bankruptcy case and the entry of the Order (with the 2-year bar to refiling), the UST would seek dismissal of the Adversary Proceeding (without prejudice to the UST's rights under 11 U.S.C. § 524(b)).

See Stipulation, at ¶¶ 1-2.

### III. POINTS AND AUTHORITIES

**A.　Dismissal of this Case is Appropriate.**

10.　Under 11 U.S.C. § 707(a), a chapter 7 case may be dismissed "only after notice and a hearing and only for cause." 11 U.S.C. § 707(a) sets forth three examples of "cause" that are typically raised by creditors, the panel trustee, and/or the UST as opposed to debtors themselves. Id. These statutorily enumerated grounds are not exclusive. See In re Sherman, 491 F.3d 948, 970 (9th Cir. 2007); In re Hickman, 384 B.R. 832, 840 (B.A.P. 9th 2008).

11.　Here, there is "cause" to dismiss this case for two reasons. First, the Debtor has consented to this relief. See ¶ 9, supra. Second, the Chapter 7 Trustee has determined that this is a "no asset" case. See ¶ 6, supra.

12.　Thus, dismissal would not prejudice creditors. Cf. In re Bartee, 317 B.R. 362, 366 (B.A.P. 9th Cir. 2004) ("In the Ninth Circuit, 'a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no "legal prejudice" to interested parties.'") (emphasis added).

**B.     Imposition of a 2-Year Bar against the Debtor's Filing of a New Case Is Also Appropriate.**

13.     The Motion also seeks the imposition of a 2-year bar against the Debtor's filing of a new bankruptcy case.  As noted above, the Debtor has consented to this relief.  See ¶ 9, supra.

14.     Ordinarily, the dismissal of a bankruptcy case does not "prejudice the debtor with regard to the filing of a subsequent" bankruptcy case.   However, for cause, the Court may "order[ ] otherwise."  See 11 U.S.C. § 349(a) (emphasis added).

15.     Importantly, Bankruptcy Code Sections 105(a) and/or 349(a) empower courts to prohibit bankruptcy filings for a period of time that exceeds the 180-day bar specified in 11 U.S.C. § 109(g).  See In re Casse, 198 F.3d 327, 338-39 (2nd Cir. 1999) ("[I]n all circuits but the Tenth, bankruptcy courts and district courts invariably derive from § 105(a) or § 349(a) of the Code, or from both sections in some cases, the power to sanction bad-faith serial filers . . . by prohibiting further bankruptcy filings for longer periods of time than the 180 days specified by § 109(g).") (emphasis added); see also In re Duran, 630 B.R. 797, 809 (B.A.P. 9th Cir. 2021) (the "weak form" of dismissal with prejudice "includes temporary prohibition of filing another case for a designated period"); In re Leavitt, 209 B.R. 935, 942 (B.A.P. 9th Cir. 1997) ("Section 349(a) is not ambiguous, and plainly provides that the bankruptcy court may, at its discretion and for cause, bar the discharge of existing debt. Inherent in this authority is the power to bar subsequent bankruptcy petitions that seek to discharge such debt.") (emphasis added); In re Mitchell, 357 B.R. 142, 157 (Bankr. C.D. Cal. 2006) ("§ 349 gives a court authority to 'sanction a debtor for cause by imposing a bar against re-filing.'"; imposing 180 day bar).[2]

---

[2]     The Leavitt court did not decide whether Section 349(a) provides authority to enjoin future bankruptcy filings that are unrelated to the dismissed case (that is, future cases that involve new, as opposed to existing, debts).  209 B.R. at 942 n.14.

16. Here, the Debtor's express consent is sufficient cause to impose a two-year bar against the Debtor's filing of a new bankruptcy case.

## IV. CONCLUSION

Based on the foregoing, the UST respectfully requests that this Court enter an order (i) dismissing this case for "cause" pursuant to Bankruptcy Code Section 707(a), and (ii) imposing a two-year bar against the Debtor's filing of a new bankruptcy case.

Dated: April 19, 2022.

    Respectfully submitted,

    TRACY HOPE DAVIS,
    UNITED STATES TRUSTEE

    By: /s/ Jason Blumberg
    JASON BLUMBERG
    Trial Attorney
    Office of the United States Trustee
    501 "I" Street, Suite 7-500
    Sacramento, CA 95814-2322
    Direct Phone: (916) 930-2076
    Fax: (916) 930-2099
    E-mail: Jason.blumberg@usdoj.gov